IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CATFISH FARMERS OF AMERICA,** *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**UNITED STATES,**<br><br>        Defendant. | Before: Hon. _____,<br>             Judge<br><br>Court No. 24-00082 |

# COMPLAINT

Plaintiffs Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc. (collectively, "CFA"), by and through their attorneys, allege and state as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

CFA brings this Complaint to contest portions of the final results issued by the U.S. Department of Commerce ("Commerce") in the 2021-2022 administrative review of the antidumping duty order on certain frozen fish fillets from the Socialist Republic of Vietnam. The final results were issued on March 5, 2024 and were published in the *Federal Register* on March 14, 2024. *See Certain Frozen Fish Fillets from the Socialist Republic of Vietnam*, 89 Fed. Reg. 18,595 (Dep't Commerce Mar. 14, 2024) (final results and partial rescission of admin. rev.; 2021-2022) ("Final Results") and accompanying Issues and Decision Memorandum ("Final Decision Memo").

**Court No. 24-00082**

## JURISDICTION

1.　The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *codified as amended at* 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii).

## STANDING

2.　CFA is a trade association, a majority of whose members manufacturer or process the domestic like product, as well as individual domestic producers and processors of the domestic like product. Accordingly, CFA is an interested party within the meaning of 19 U.S.C. § 1677(9)(C) and (G). CFA was also a party to the administrative review in connection with which this matter arises, and actively participated in the review. Accordingly, CFA has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

3.　CFA commenced this action by filing a Summons on April 12, 2024, within 30 days after the publication of the Final Results in the *Federal Register*. Summons (Apr. 12, 2024), ECF No. 1. CFA is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint, therefore, are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

4.　On October 11, 2022, Commerce initiated the administrative review subject to this Complaint, covering the period of review of August 1, 2021 to July 31, 2022. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 61,278, 61,218-82 (Dep't Commerce Oct. 11, 2022). Commerce selected Can Tho Import Export Seafood Joint Stock Company ("CASEAMEX") and Vinh Hoan Corporation as mandatory respondents. *See Certain*

**Court No. 24-00082**

*Frozen Fish Fillets from the Socialist Republic of Vietnam*, 88 Fed. Reg. 61,525, 61,526 (Dep't Commerce Sept. 7, 2023) (prelim. results of antidumping duty admin. rev., prelim. deter. of no shipments, and notice of intent to rescind, in part; 2021-2022) ("Preliminary Results"). Commerce published the Preliminary Results on September 7, 2023. *See id.*

  5. In its case brief, CFA argued that Commerce should have used total adverse inferences to determine the margin for CASEAMEX, or, in the alternative, should have applied partial adverse inferences with respect to discrete aspects of CASEAMEX's reporting, including its reported factors of production for packing materials. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Case Brief* (Jan. 3, 2024) at 47-49. CFA explained that Commerce's questionnaire instructed CASEAMEX to report packing factors for "all models or product types" that were sold in the United States, based on its total production of those models/types, "including that portion of the production that was not destined for the United States." *Id.* at 47-48. However, CASEAMEX reported packing factors based solely on materials associated with its U.S. shipments. *Id.* at 48. After the agency notified CASEAMEX of the improperly limited reporting in a supplemental questionnaire and required its correction, CASEAMEX refused to comply. *Id.* CFA argued that to account for CASEAMEX's failure to properly report packing factors, Commerce should apply the highest reported packing factors for each packing input to each model/type sold in the United States. *Id.* at 49.

  6. In the final results, Commerce declined to apply total or partial adverse inferences in determining CASEAMEX's margin. With respect to packing factors, Commerce explained that CFA was correct in observing that the agency's initial questionnaires instructed CASEAMEX to report packing factors based on all production of relevant products, "including that portion of

3

production that was not destined for the United States." Final Decision Memo at 17. Nonetheless, Commerce reasoned that information later in the initial instructions was ambiguous on the point, and stated that Commerce had not issued any supplemental questionnaires specifying that CASEAMEX was to report packing factors based on total production of relevant models. *Id.* Commerce failed to acknowledge that it had in fact issued CASEAMEX a supplemental questionnaire directing the company to "resubmit your FOP database to include PACKTYPE FOPs that incorporate all packing materials associated with each CONNUM regardless of whether those packing materials were used for shipments to the United States," and that CASEAMEX failed to provide this data despite the supplemental, specific instruction. *See* Letter from Robert Galantucci, Program Manager, Off. V, Enforcement and Compliance to Mayer Brown LLP, re: *Antidumping Duty Administrative Review of Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: CASEAMEX Second Supplemental Questionnaire* (Apr. 25, 2023) at 11 (Question 68).

7. After Commerce issued its final results, CFA filed ministerial error comments that pointed out a clear error in the agency's margin program, which affected the valuation of CASEAMEX's marine insurance. Commerce, however, did not address the substance of CFA's claim. Instead, the agency rejected the comments as untimely, on the basis that the mistake was discoverable in the preliminary margin program. Letter from Robert Galantucci, Program Manager, Off. V, Enforcement and Compliance to Wiley Rein LLP, re: *Rejection of Untimely Ministerial Error Allegation* (Apr. 2, 2024).

**Court No. 24-00082**

## CLAIMS AND BASES FOR RELIEF

### Count I

8. CFA hereby realleges and incorporates by reference paragraphs 1 through 7.

9. Commerce's refusal to apply partial adverse facts available with respect to CASEAMEX's reporting of packing factors is not supported by substantial evidence, is inadequately explained, and is otherwise contrary to law.

### Count II

10. CFA hereby realleges and incorporates by reference paragraphs 1 through 9.

11. Commerce's decisions to reject CFA's ministerial comments and to allow the clear error in its margin program to go uncorrected are not supported by substantial evidence, are inadequately explained, and are otherwise contrary to law.

### Count III

12. CFA hereby realleges and incorporates by reference paragraphs 1 through 11.

13. Commerce based the margin for non-selected separate rate companies on the margin calculated for CASEAMEX. However, because the margin determined for CASEAMEX was flawed by reason of the issues raised in Counts I-II of this complaint, the margin determined for the separate rate respondents was similarly unsupported by substantial evidence, inadequately explained, and otherwise contrary to law.

**Court No. 24-00082**

## **REQUEST FOR JUDGMENT AND RELIEF**

For the reasons stated in this Complaint, CFA respectfully requests that the Court:

(1) Hold that Commerce's Final Results in the 2021-2022 antidumping duty administrative review of *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam* are not supported by substantial evidence on the record, are inadequately explained, and are otherwise not in accordance with law; and

(2) Remand the Final Results to Commerce for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Nazak Nikakhtar*
Nazak Nikakhtar, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for CFA*

Dated: May 9, 2024

6

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

## *Catfish Farmers of America, et. al. v. United States*
## Court No. 24-00082

I certify that a copy of this public submission was served on the following parties, via certified mail or via registered international mail (*), on May 9, 2024.

                                                /s/    *John Allen Riggins*
                                                         John Allen Riggins, Esq.

Craig A. Lewis, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

Jonathan M. Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE Suite 500
Washington, DC 20003

Camelia C. Mazard, Esq.
**Doyle, Barlow & Mazard, PLLC**
1776 K St., NW
Suite 200
Washington, DC 20006

Donald B. Cameron, Esq.
**Morris, Manning, & Martin, LLP**
1401 I Street, NW
Suite 600
Washington, DC 20005

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230

Matthew J. McConkey, Esq.
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006

Robert L. LaFrankie, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Andrew B. Schroth, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Avenue, NW
STE 650
Washington, DC 20005

*Nyugen Tien Hung
**IDVN Lawyers**
5th FL. Viet Tower, 1 Thai Ha Street
Dong Da District
Hanoi, Vietnam

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Kara Marie Westercamp
Commercial Litigation Branch – Civil Division
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044